UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAM WALLACH, THE WILLIAM
WALLACH IRREVOCABLE TRUST,
LAWRENCE WALLACH, and
RICHARD WALLACH,

                         Plaintiffs,                         **MEMORANDUM & ORDER**

      -against-                                           11 CV 3025 (DRH) (AKT)

AMERICAN INTERNATIONAL GROUP, INC.
also known as AIG Insurance, AIU INSURANCE
COMPANY, AMERICAN HOME ASSURANCE
COMPANY, AMERICAN INTERNATIONAL
INSURANCE COMPANY, AMERICAN
INTERNATIONAL INSURANCE COMPANY
OF CALIFORNIA, INC., and NEW HAMPSHIRE
INSURANCE COMPANY as AIG entities,

                         Defendants.
-----------------------------------------------------------X
**APPEARANCES:**

**CASOLARO SUSSMAN LLP**
Attorneys for Plaintiffs
1050 Franklin Avenue
Suite 402
Garden City, New York 11530
By:    Charles J. Casolaro, Esq.

**CAHILL GORDON & REINDEL, LLP**
Attorneys for Defendants
80 Pine Street
New York, New York 10005
By:    Adam Nelson Zurofsky, Esq.
         Edward Paul Krugman, Esq.

**HURLEY, Senior District Judge:**

      Plaintiffs William Wallach, The William Wallach Irrevocable Trust, Lawrence Wallach,

and Richard Wallach commenced an action against defendants American International Group,

Inc., also known as AIG Insurance ("AIG"), as well as various companies described as "AIG

entities," in New York State Supreme Court, Nassau County on February 28, 2011. On June 23, 2011, defendants removed the action to this Court pursuant to 28 U.S.C. § 1334, asserting that "this matter is related to a pending bankruptcy proceeding, and all claims and causes of action in the matter may be removed to this Court under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027(a)(3)." (Not. of Removal ¶ 1.)

Presently pending before this Court is defendants' application to have this case referred to the United States Bankruptcy Court of the Eastern District of New York pursuant to 28 U.S.C. § 157(a) and Eastern District Administrative Order 264, dated August 28, 1986. (*Id.* ¶ 16.) Plaintiffs have not submitted any opposition to defendants' application, although they have filed a request for permission to move to amend their Complaint. (*See* Pl.'s Letter dated Aug. 12, 2011 (Docket No. 15).) For the reasons set forth below, defendants' application is granted.

## BACKGROUND

The following facts are taken from the Complaint as well as defendants' submissions in connection with the present application.

Defendants and non-party The Robert Plan Corporation ("TRP") were engaged in the automobile insurance business. (Defs.' Aug. 3, 2011 Letter (Docket No. 12) at 2.) Prior to 2002, the relationship between defendants and TRP was governed by a series of agreements, including two reinsurance treaties (the "Treaties"). (*Id.*) Pursuant to the Treaties, defendants agreed to reinsure automobile policies written by two TRP insurance subsidiaries, Eagle Insurance Company ("Eagle") and Newark Insurance Company ("Newark"). (*Id.*; *see also* Compl. ¶ 1.) After disputes arose concerning the administration of the Treaties, defendants and TRP entered into a new set of agreements (the "2002 Agreements"). (Defs.' Aug. 3, 2011 Letter at 2.) These

included two Commutation Agreements which commuted the Treaties in exchange for defendants payment of a sum certain to Eagle and Newark. (Compl. ¶ 1.)

Plaintiffs allege that TRP agreed to accept this sum certain based upon AIG's representations regarding the amounts of certain loss reserves. (*See id.* ¶ 2.) Plaintiffs claim that ultimately, however, "AIG's representations about it[s] loss reserves turned out to be a fabrication." (*Id.* ¶ 3.) As a result, TRP, Eagle, and Newark commenced an action in the Superior Court of New Jersey, Law Division, Mercer County (the "New Jersey Action") against the same defendants named in this action. (*See* Defs.' Aug. 3, 2011 Letter, Ex. A.) In the New Jersey Action, TRP and its subsidiaries asserted causes of action for, *inter alia*, fraud and negligent misrepresentation based on allegations of defendants' misrepresentations regarding their loss reserves. (*See id.*)

On August 25, 2008, TRP and an affiliate, The Robert Plan of New York Corporation ("TRPNY"), filed a Chapter 11 petition with the United States Bankruptcy Court of the Eastern District of New York and the case was subsequently converted to a proceeding under Chapter 7 of the Bankruptcy Code. (Compl. ¶ 7; Defs.' Aug. 3, 2011 Letter at 2.) On August 27, 2008, non-party Robert Wallach,[1] TRP's former CEO, filed a Chapter 11 petition with the Bankruptcy Court. (Defs.' Aug. 3, 2011 Letter at 2-3.) In September 2010, two settlement agreements (the "Settlement Agreements") were entered into: One between TRP and defendants, and the other between Robert Wallach and defendants. (*See id.* at 3 & Exs. B, C.) Pursuant to the Settlement Agreements, defendants released any claim they had to an amount of approximately $1 million,

---

[1] Robert Wallach is described as the son of plaintiff William Wallach and brother of plaintiffs Lawrence and Richard Wallach. (Defs.' Aug. 3, 2011 Letter at 2.)

3

which was being held in escrow. (*Id.*) In exchange, defendants "would themselves be released from any and all claims that either TRP or [Robert] Wallach may have against them arising out of or relating to any contract, transaction, or relationship by or among any of them." (*Id.* at 3.) According to defendants, TRP, TRPNY, and Robert Wallach specifically represented to the Bankruptcy Court that they "were settling, among other things the Commutation Agreement-related fraud claims brought in the [New Jersey] Action." (*Id.*) The Settlement Agreements were approved by the Bankruptcy Court in December 28, 2010. (*Id.*) The Settlement Agreements specifically provide that "[t]he Bankruptcy Court shall have sole jurisdiction over, and shall be the sole venue for" their enforcement. (*Id.*, Ex. B ¶ 20.)

As noted above, the Complaint in the present action was filed in February 2011 in New York State Supreme Court, Nassau County. Plaintiff William Wallach[2] is alleged to be the founder and president of TRP, and plaintiffs Lawrence and Richard Wallach are his sons. Lawrence and Richard are described as "direct income recipient[s] and beneficiar[ies] of TRP and William Wallach." (Compl. ¶¶ 11, 13, 14.) The William Wallach Irrevocable Trust was an instrument created by William for the benefit of his heirs. (*Id.* ¶ 12.) Plaintiffs describe themselves as "family members (and former shareholders) of the Board of TRP." (*Id.* ¶ 36.) The Complaint's allegations largely track the factual recitation set forth above, and conclude that defendants' "misrepresentations, fraudulent activities and breach of contract of the [ ] Commutation agreement, caused TRP [to] suffer financial damage, . . . and ultimately seek the protection of the bankruptcy court, which led to TRP's total liquidation." (*Id.* ¶ 37.) Plaintiffs

---

[2]  William Wallach is now deceased; plaintiffs state that the Complaint "will need to be amended to change the nomenclature within the caption to add an estate representative." (*See* Compl. ¶ 11.)

assert causes of action sounding in fraud, negligent misrepresentation, and breach of contract. Each of these causes of action is based upon defendants' alleged misrepresentations to TRP regarding their loss reserves. (*See id.* ¶¶ 39, 42, 48.)

On June 23, 2011, defendants removed the action to this Court. In the Notice of Removal, defendants requested that this case be referred to the Bankruptcy Court, where TRP's bankruptcy proceeding remains pending (Bankruptcy Petition # 8-08-74573-reg). Plaintiffs have not opposed defendants' application.

## DISCUSSION

### I. Legal Standard

The relevant statutory language, found in 28 U.S.C. § 1334(a), provides that "[e]xcept as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11." Section 1334(b), in turn, sets forth that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Finally, Section 157 provides, in pertinent part:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). "A case arising under title 11 means essentially the cause of action is created by title 11 or that the right to relief necessarily depends on resolution of a substantial question of bankruptcy law." *In re Copperfield Invs., LLC*, 2008 WL 4449413, at *4 (E.D.N.Y. Sept. 29, 2008) (internal quotation marks omitted). In addition, "courts have consistently held that a

proceeding relates to Title 11 if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *HSBC USA, NA v. Schwartz*, 2008 WL 2357380, at *2 (E.D.N.Y. June 4, 2008) (quoting *In re Tower Auto., Inc.*, 356 B.R. 598, 600 (Bkrtcy.S.D.N.Y. 2006)).

## II.     *Defendants' Application is Granted*

Defendants argue that the standard set forth under 28 U.S.C. § 157(a) is met in this case. Specifically, defendants contend that plaintiffs' asserted claims: (1) "are the property of TRP's [bankruptcy] estate," and (2) "were in fact asserted by TRP and then settled by TRP's estate pursuant to a Settlement Agreement," which was approved by the Bankruptcy Court. (Defs.' Aug. 3, 2011 Letter at 4.) According to defendants, therefore, two "key issues" that must be ultimately decided in this action are (1) whether plaintiffs even have standing to assert the claims set forth in the Complaint (or whether those claims belong solely to TRP), and (2) whether the Settlement Agreements, which have been so-ordered by the Bankruptcy Court, preclude plaintiffs from asserting those claims. (*See id.*) Defendants argue that not only do these issues directly relate to the administration of TRP's bankruptcy estate, but the Court-approved Settlement Agreements specifically provide that the Bankruptcy Court will have exclusive jurisdiction over disputes regarding their enforcement. (*Id.*)

As noted above, plaintiffs have not disputed any of defendants' arguments. The Court finds that the outcome of this case could "conceivably have an[ ] effect on" TRP's bankruptcy estate. *See HSBC USA, NA*, 2008 WL 2357380 at *2 (internal quotation marks omitted). Thus, this action is "related to" a case under Title 11. Therefore, this case is hereby referred to the Bankruptcy Court before which TRP's Chapter 7 petition is currently pending. *See* Eastern

6

District Administrative Order 264, dated Aug. 28, 1996.

## *CONCLUSION*

For the reasons set forth above, defendants' motion for referral of this action to the Bankruptcy Court before which TRP's Chapter 7 petition is pending is granted. The Clerk of the Court is respectfully directed to refer this case to United States Bankruptcy Judge Robert E. Grossman as related to Bankruptcy Case No. 8-08-74573-reg.

**SO ORDERED.**

Dated: Central Islip, New York
September 12, 2011

/s/
Denis R. Hurley
United States District Judge